Alfonso de Cumpiano, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Nos corresponde examinar en este recurso si el tribunal recurrido actuó correctamente al revisar y revocar parcialmente un laudo de arbitraje, relacionado con la implantación de una nueva escala de salarios aplicable a ingenieros profesionales de la Autoridad de Energía Eléctrica de Puerto Rico (la Autoridad).
I
La Autoridad recurre de la sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, en la que se revocó parcialmente un laudo de arbitraje. Mediante el referido laudo, la árbitro determinó que la Autoridad no discriminó contra los siete ingenieros querellantes, ni violó el convenio colectivo al asignarles a nuevas escalas de salarios.
La Unión de Empleados Profesionales Independiente (UEPI) acudió al tribunal en solicitud de impugnación del laudo. Alegó, en síntesis, que el laudo de arbitraje no se rigió por el convenio colectivo, toda vez que éste estipula lo referente a antigüedad y niveles de mérito y la Autoridad no podía alterarlo unilateralmente. Ante el tribunal recurrido, la UEPI argumentó que la nueva escala salarial adoptada por la Autoridad para los ingenieros alteró el sistema de méritos o antigüedad, puesto que los ingenieros nuevos recibieron aumentos que bajo las escalas anteriores estipuladas no hubieran alcanzado hasta pasados cinco (5) o diez (10) años de antigüedad. Por otro lado, sostuvo que la nueva escala salarial le redujo cuatro (4) niveles de méritos a los ingenieros más antiguos, los que tendrán que trabajar diez (10) o doce (12) años más para alcanzar los niveles de mérito que tenían reconocidos al momento del cambio en las escalas y los niveles en el nuevo esquema salarial,
*1003 En la sentencia recurrida, el tribunal determinó que el establecimiento por la Autoridad de una nueva escala que no disminuyera los sueldos ni las condiciones de ascenso, no estaba regulada en el convenio colectivo, por lo que la nueva escala no tenía que ser objeto de previa negociación con la Unión, bajo el artículo XIX del convenio colectivo. En este aspecto, el tribunal sostuvo la determinación del laudo. No obstante, revocó la determinación del laudo en cuanto éste determinó que no medió discrimen en las asignaciones de las escalas a los querellantes y ordenó a la Autoridad que, conforme al artículo XII del convenio colectivo, reconociera la antigüedad de los ingenieros querellantes en la implantación de la nueva escala salarial.
La Autoridad plantea en su recurso ante este Tribunal que el tribunal de instancia erró al revocar parcialmente el laudo y dictaminar que dicho organismo no tomó en consideración la antigüedad y que actuó discriminatoriamente al implantar la escala salarial.
Mediante resoluciones de 19 de mayo y 14 de agosto de 1997, requerimos a la UEPI que presentara su posición sobre el recurso. El 23 de septiembre, presentó moción sometiendo el caso por el expediente.
Evaluados los planteamientos del recurso, el expediente, los fundamentos de la sentencia recurrida y los del laudo de arbitraje a luz de los principios que cobijan la revisión judicial de éstos, procede expedir el recurso y revocar la parte de la sentencia que revocó parcialmente el laudo de arbitraje
II
Es principio básico en casos de revision judicial de laudos de arbitraje que estos gozan de gran deferencia ante los tribunales en nuestra jurisdicción por ser un método ideal de resolución de disputas obrero-patronales. La función de los tribunales al revisar la validez de un laudo está limitada a determinar la existencia de fraude, conducta impropia del árbitro, falta de debido proceso de ley, ausencia de jurisdicción, omisión de resolver todas las cuestiones en controversia que se sometieron o que el mismo resulte contrario a la política pública. Febus v. Marpe Construction, 135 D.P.R. _ (1994), 94 J.T.S. 19, pág. 11,547; J.R.T. v. Vigilantes Inc., 125 D.P.R. 581, 592-593 (1990); J.R.T. v. Corp. Crédito Agrícola, 124 D.P.R. 846, 849 (1989); J.R.T. v. Hato Rey Psychiatric Hospital, 119 D.P.R. 62, 67 (1987).
Sin embargo, aun en casos donde se permite revisar la validez jurídica del laudo, los tribunales no deben inclinarse fácilmente a invalidarlos a menos que sea evidente que no fueron resueltos conforme a derecho. Una discrepancia de criterio con lo expuesto en el laudo no justifica la intervención del tribunal. Las revisiones de laudos en los tribunales siguen un proceso similar a su función revisora de la corrección o incorrección de la sentencia emitida por un tribunal inferior o de la decisión de un organismo administrativo. No se trata de relitigar la controversia en un proceso civil ordinario, lo que convertiría la labor del árbitro en un ejercicio inútil y desvirtuaría la naturaleza del procedimiento de arbitraje laboral. Queda claro que la revisión de un laudo de arbitraje no constituye un juicio de novo y que el tribunal debe limitarse a verificar que la determinación del árbitro sea conforme a derecho. Universidad Católica de P.R v. Triangle Engineering Corp, 136 D.P.R., (1994), 94 J.T.S. 72, pág. 11951; UIL de Ponce v. Destilería Serrallés Inc., 116 D.P.R. 348, 355 (1985); Rivera v. Samaritano & Co., 108 D.P.R 604, 609 (1979)
La principal función del árbitro en el proceso de arbitraje es la interpretación de las cláusulas del convenio colectivo. El margen de interpretación del árbitro dependerá de la claridad del lenguaje utilizado en el convenio colectivo. Aun cuando el lenguaje aparente ser claro, puede que admita interpretaciones conflictivas, en cuyo caso el árbitro tiene *1004 flexibilidad para hacer su interpretación. JRT v. National Packing Co., 112 D.P.R 162, 166-167 (1982).
Bajo el marco jurídico antes expuesto, no procedía la revocación parcial del laudo de arbitraje dictaminado por el tribunal, conforme lo expuesto a continuación.
III
Es claro ante los planteamientos bajo nuestra consideración, que no estamos ante la aplicación de la norma de revisión judicial sobre la validez de un laudo por fraude, conducta impropia, falta de debido proceso de ley, falta de jurisdicción, omisión de resolución de controversias o determinación contra la política pública. El asunto traído a nuestra consideración trata de la revisión de la interpretación que de la cláusula sobre antigüedad de convenio colectivo formuló la árbitro, conforme su texto, la prueba aportada y los hechos estipulados y la interpretación del tribunal recurrido al revocar la interpretación arbitral del convenio sobre los principios de antigüedad y adoptar la suya.
El asunto preciso que consideró la árbitro, respecto al asunto en cuestión, fue el siguiente:

"..inferiores en las nuevas escalas a las que habían adquirido con las viejas escalas."

Apéndice del recurso, pág. 41.
Los niveles de mérito objeto de la reclamación, quedan contemplados en el artículo XIX del convenio colectivo aplicable, que dispone, en parte, como sigue:

"Artículo XIX

Niveles de mérito

Sección 1. Normas para aumentos de niveles de mérito

El aumento de un nivel de mérito a otro para los empleados profesionales se hará tomando en consideración los años de servicio en cada nivel de mérito y los siguientes requisitos según se detallan a continuación:

A. Tiempo de Servicio (Antigüedad)

Además de cumplir con los requisitos enumerados más adelante para aumentar de un nivel de mérito a otro, los empleados profesionales regulares deberán cumplir como máximo los siguientes períodos en cada uno de los distintos niveles de mérito".

La citada cláusula detalla, a continuación de lo anterior, el tiempo mínimo que el empleado debe cumplir en un nivel de mérito para aumentar al próximo nivel.
Como hechos estipulados por las partes ante el procedimiento de arbitraje lo fueron que la Autoridad efectuó un ajuste en sueldo a todos los ingenieros profesionales para ubicarlos en la nueva escala y que dicha acción tuvo el efecto de corregir todas las acciones de personal relacionadas con esos ingenieros desde diciembre de 1990 hasta 1992, cuando efectivamente se puso en vigor la nueva escala de salarios. Además, que se identificó el grupo y nivel de sueldo del ingeniero en la escala vieja y se ubicó con el mismo grupo ocupacional y salario en la escala nueva. También, que se determinó conforme el expediente, el tiempo que llevaba el ingeniero en el nivel de mérito de la escala vieja y se determinó si con esos años le *1005 correspondía el próximo nivel de la nueva escala Si le correspondía, se le adjudicó el próximo nivel; si los años no alcanzaban el próximo nivel, se le acreditó el tiempo para ese nivel. Apéndice del recurso, págs. 41 y 42.
De los hechos estipulados, la árbitro determinó que la Autoridad aplicó uniformemente a todos los ingenieros profesionales la nueva escala, que hubo trato igual para todos, que no discriminó al ubicarlos bajo el nuevo esquema salarial en un nivel de mérito numéricamente inferior al de la estructura anterior. Reseñando por analogía determinaciones de personal del servicio público, donde se han sostenido modificaciones en el orden numérico de los niveles de escalas de sueldos, siempre que se protejan los niveles retributivos previamente alcanzados por los empleados, la árbitro determinó que no medió discrimen, ni violación al convenio al colocar a los ingenieros querellantes en un nivel inferior al anterior, cuando se les reconoció en la nueva el tiempo en los niveles de la anterior escala. Esto es, la asignación bajo la nueva escala, conllevó un incremento en el tipo retributivo, un aumento en el margen de crecimiento y, según estipulado, consideró el tiempo bajo las viejas escalas.
Finalmente, en su determinación de que no medió discrimen ni violación al convenio, la árbitro señaló que los aumentos en niveles, bajo el convenio, no son automáticos una vez cumpla el tiempo, sino que median otros criterios de trabajo satisfactorio y de buena conducta.
Las determinaciones de la árbitro encuentran apoyo en el convenio colectivo, en los hechos estipulados y en el expediente. No son contrarios a derecho, puesto que no surge violación a derechos adquiridos por los querellantes.
Sin embargo, el tribunal en su sentencia, luego de analizar la cláusula XII del convenio que dispone el reconocimiento de la antigüedad desde la fecha que el empleado comienza a trabajar en la Autoridad y la cláusula XIX que detalla los tiempos mínimos, concluyó que los empleados regulares que hubiesen trabajado en la Autoridad durante más tiempo que otros, tendrían derechos preferentes sobre los empleados con menos antigüedad. Por tanto, encontró discriminatoria la acción de la Autoridad, al no reconocer el principio de antigüedad de los ingenieros querellantes.
Aunque no está claro el alcance de la orden del tribunal a la Autoridad para que tome las medidas administrativas necesarias para reconocer la antigüedad a los querellantes, parece ser que se fundamenta en que los querellantes ocuparían niveles en la nueva escala en orden numérico inferior al anterior. Como ingenieros de nombramiento más reciente estarían en niveles cercanos, sin haber trabajado los mismos años; el tribunal parece considerar que ello no se sostiene en el convenio.
No hay motivo para sostener la interpretación efectuada por el tribunal, en contraposición a la de la árbitro. Coincidimos con la posición de la Autoridad en que la interpretación del laudo fue conforme a derecho y al convenio colectivo, que no hay contradicción en las cláusulas XII y XIX sobre antigüedad, y que la situación fáctica de la controversia aquilatada por la árbitro no presenta discrimen contra los ingenieros querellantes.
IV
En virtud de las normas de revisión de laudo de arbitraje, no procedía la sustitución judicial de la interpretación del convenio. Por ello, procede expedir el auto y revocar la sentencia del tribunal recurrido, en cuanto revocó el laudo de arbitraje en cuanto a la determinación de que no medió discrimen y que se reconoció el principio de antigüedad de los querellantes. Se deja así en todo vigor el laudo de arbitraje emitido en este caso el 8 de febrero de 1996.
*1006 Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 98 DTA 71
1. En la sentencia recurrida, el tribunal expresó que no estaba claro que la árbitro resolviera que la adopción de los nuevas escalas estaban dentro de las facultades de la Autoridad, bajo el convenio colectivo. Por ello, evaluó esa controversia y resolvió que esa acción constituyó un ejercicio de poder inherente de la Autoridad. Esa determinación no es objeto de revisión en este recurso.
2. Numerosos casos ante este Tribunal han sostenido esas determinaciones.