# 98 DTA 200

TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL DE SAN JUAN

BIO MEDICAL APPLICATION
Querellada-Peticionaria

v.

UNION GENERAL DE TRABAJADORES
Querellante-Recurrido

v.

NEGOCIADO DE CONCILIACION Y ARBITRAJE DEL DEPARTAMENTO DEL TRABAJO
Agencia Administrativa

Núm. KLCE-98-00529

San Juan, Puerto Rico, a 7 de agosto de 1998

Panel integrado por su Presidenta, la Juez Alfonso de Cumpiano
y los Jueces Giménez Muñoz y Miranda De Hostos

Alfonso de Cumpiano, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

Mediante el presente recurso de *certiorari* Bio Medical Application (Bio Medical) nos solicita revisión de la sentencia dictada por el Tribunal de Primera Instancia que declaró sin lugar su solicitud de revisión de un laudo emitido por el Negociado de Conciliación y Arbitraje del Departamento del Trabajo y Recursos Humanos. El laudo así sostenido redujo una sanción impuesta por la peticionaria a un empleado consistente en despido, a una suspensión por seis (6) meses.

Bio Medical alega, en síntesis, que el tribunal erró al no revocar el laudo debido a que no es conforme a derecho y porque no tomó en consideración evidencia relevante para sostener el despido cuestionado. En su oposición la Unión General de Trabajadores (la Unión) refuta los errores y plantea que carecemos de jurisdicción por no haber sido notificado el recurso al Negociado de Conciliación y Arbitraje.

Luego de examinar los planteamientos de las partes, el laudo, la sentencia recurrida y el derecho aplicable, concluimos que tenemos jurisdicción para entender en la controversia, por habernos acreditado la peticionaria la notificación requerida por ley, y resolvemos que no se cometieron los errores alegados, por lo que procede la denegación del recurso.

### I

Según surge del expediente, el 31 de octubre de 1996 Bio Medical despidió al Sr. Javier Valle de su empleo como técnico de reuso, debido a que éste se negó a trasladar materiales entre dos (2) unidades de servicio que posee la peticionaria en el área de Mayaguez. La Unión, en representación del señor Valle, presentó querella contra Bio Medical ante el Negociado de Conciliación y Arbitraje del Departamento del Trabajo. Las partes presentaron el caso ante el árbitro bajo la siguiente sumisión:

*"Determinar de acuerdo a los hechos y el Convenio Colectivo si el despido del querellante estuvo o no justificado.*

*De no estarlo que el árbitro disponga el remedio adecuado."*

El árbitro emitió el correspondiente laudo, en el cual determinó que el despido del señor Valle era injustificado, pues constituia una sanción demasiado severa al considerar la existencia de circunstancias atenuantes y modificó la sanción a una suspensión de empleo y sueldo por seis (6) meses.

Bio Medical presentó recurso de revisión ante el Tribunal de Primera Instancia, foro que mantuvo en vigor el laudo. Inconforme, Bio Medical acude ante nos en solicitud de que revoquemos la sentencia recurrida, dejemos sin efecto el laudo de arbitraje y determinemos que el despido del señor Valle estuvo justificado a base de los hechos probados, el convenio colectivo y el derecho aplicable.

El marco doctrinal de la revisión judicial de laudos de arbitraje es bien reconocido. Como principio general, los laudos de arbitraje gozan de gran deferencia ante los tribunales por ser un método ideal de resolución de disputas obrero-patronales. La función de los tribunales al revisar la validez de un laudo está limitada a determinar la existencia de fraude, conducta impropia del árbitro, falta del debido proceso de ley, ausencia de jurisdicción, omisión de resolver todas las cuestiones en controversia que se sometieron, o que el mismo resulte contrario a la política pública. 32 L.P.R.A. sec. 3222; *Febus v. Marpe Construction,* 135 D.P.R. ___ (1994), **94 J.T.S. 19,** a la pág. 11547; *J.R.T. v. Vigilantes, Inc.,* 125 D.P.R. 581, 592-593 (1990).

Cuando las partes pactan que un laudo sea conforme a derecho, el árbitro está obligado a respetar

las normas interpretativas de derecho sustantivo dictadas por los Tribunales Supremos de Estados Unidos y de Puerto Rico. *J.R.T. v. Hato Rey Psychiatric Hospital*, 119 D.P.R. 62, 68 (1987). Sin embargo, aun en casos donde se pacta que el laudo sea conforme a derecho y se permite revisar su validez jurídica, los tribunales no deben inclinarse fácilmente a invalidarlo a menos que sea evidente que no fue resuelto conforme a derecho. Queda claro que la revisión de un laudo de arbitraje no constituye un *juicio de novo* y que el tribunal debe limitarse a verificar que la determinación del árbitro cumpla con las normas legales vigentes. Una discrepancia de criterio con lo expuesto en el laudo no justifica la intervención del tribunal. *Universidad Católica de Puerto Rico v. Triangle Engineering Corp.*, 136 D.P.R. ___ (1994), **94 J.T.S. 72,** pág. 11951; *Rivera v. Samaritano & Co.*, 108 D.P.R 604, 609 (1979).

En este caso, el convenio colectivo aplicable dispone en el Artículo V, sección 7, que los laudos que se emitan para resolver las disputas entre las partes serán finales y obligatorios siempre y cuando se emitan conforme a derecho.

Bajo los principios antes expuestos, procedemos a revisar la determinación del tribunal de declarar sin lugar la solicitud de revisión y mantener en vigor el laudo.

La argumentación de error de Bio Medical se basa, en primer término, en que el despido del señor Valle estuvo justificado, a la luz de lo dispuesto en la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 L.P.R.A. secs. 185(a) y ss. (Supl. 1997). Esta dispone lo que se entenderá como justa causa para el despido. Entre las causas se encuentran que el obrero siga un patrón de conducta impropia o desordenada, y la violación reiterada por el empleado de las reglas y reglamentos razonables establecidos para el funcionamiento del establecimiento, siempre que copia escrita de los mismos se haya suministrado oportunamente al empleado. También dispone que no se considerará despido por justa causa el que se haga por mero capricho del patrono o sin razón relacionada con el buen y normal funcionamiento del establecimiento. Artículo 2, Ley Núm. 80, *supra*, 29 L.P.R.A. sec. 185b. La ley establece una presunción en cuanto a que el despido fue injustificado y recae sobre el patrono el peso de la prueba para rebatirla, mediante la preponderancia de la evidencia. *Delgado Zayas v. Hospital Interamericano de Medicina Avanzada*, ___ D.P.R. ___ (1994), **94 J.T.S. 149,** pág. 500; *Rivera Aguila v. K-Mart de P.R.*, 123 D.P.R. 599, 610 (1989).

En el caso que se trate de un despido ante una primera falta del empleado se ha resuelto que, aunque la Ley 80 no favorece el despido como sanción a la primera falta, ésta considera una sola ofensa como justa causa si por su gravedad y su potencial de agravio pone en riesgo el orden, la seguridad o la eficiencia que constituyen el funcionamiento normal del establecimiento. En tal caso, la falta del empleado debe ser tan seria que revele una actitud o un detalle del carácter tan lesivo a la paz y al buen orden de la empresa, que constituiría imprudencia esperar su reiteración para separarlo del establecimiento. *Secretario del Trabajo v. I.T.T.*, 108 D.P.R. 536, 544 (1979); *Delgado Zayas v. Hospital Interamericano de Medicina Avanzada, supra.*

En este caso el árbitro utilizó como analogía la Ley Núm. 80 y su jurisprudencia interpretativa para determinar que los hechos no justificaban el despido del señor Valle. Conforme los hechos probados, la razón del despido del señor Valle fue que éste se negó a trasladar unos materiales de un local a otro. En el momento de su negativa sólo adujo como justificación que dicha labor no estaba comprendida en sus tareas. Posteriormente, en la vista de arbitraje, evidenció que al momento en que se le requirió la tarea no poseía licencia de conducir. El árbitro determinó que lo requerido al empleado estaba dentro de sus tareas, por lo que consideró su negativa como un reto a la autoridad patronal. No obstante, el hecho de la falta de licencia para conducir fue considerado como atenuante por el árbitro, para fines de la sanción correspondiente. En el balance de intereses, y tomando en cuenta la naturaleza de la ofensa, la que entendió no cumplía con los requisitos de la Ley Núm. 80, *supra*, rebajó la sanción a una suspensión por seis (6) meses de empleo y sueldo.

Los planteamientos de Bio Medical de que la actuación del empleado puso en peligro el funcionamiento de la empresa no es suficiente en ausencia de señalamiento de prueba que desfilara ante el árbitro al respecto. Además, el atenuante considerado por el árbitro de que el señor Valle no poseía licencia de conducir vigente al momento en que se le requirió trasladarse a otro local, es razonable para la determinación de que el despido fue una sanción muy severa en las circunstancias de

este caso. No existe fundamento para sustentar que el laudo no es conforme a derecho.

Plantea en segundo lugar Bio Medical que el árbitro debió aplicar la doctrina de disciplina progresiva, ya que existía evidencia de que el señor Valle había sido disciplinado con anterioridad por el mismo tipo de falta que provocó su despido.

Al considerar lo señalado por la peticionaria, debemos tener en cuenta que surge del expediente que las partes estipularon que aun cuando Bio Medical presentara evidencia de disciplina progresiva al señor Valle, mediante una previa suspensión de empleo y sueldo por tres (3) días y ésta fuera admitida, no se entraría en sus méritos, ya que dicha sanción era objeto de otro pleito de arbitraje. Aunque no aparece referencia al respecto en el laudo arbitral, ni en la sentencia recurrida, tenemos que presumir que fue tomada en cuenta la anterior como sanción no final, sin entrar en los méritos, y que aún así, se determinó por el árbitro rebajar la sanción de despido por considerarla excesiva.

En definitiva, existían las circunstancias atenuantes y el patrono no logró establecer qué perjuicio a tenor de lo contemplado por la Ley Núm. 80 le causó la conducta del empleado. Tomando en cuenta lo anterior, la naturaleza de la ofensa, las facultades del árbitro, coincidimos con el tribunal de instancia en que la decisión del árbitro se ajusta a derecho, está sostenida por la totalidad del expediente administrativo, y que no hay base para la alegación de que procedía aplicar disciplina progresiva con la sanción de destitución. Como señaló el tribunal de instancia, la suspensión decretada por el árbitro es una medida disciplinaria de alguna severidad.

### III

Toda vez que no se cometieron los errores señalados conforme lo discutido anteriormente, se deniega la expedición del recurso.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General