Rodríguez García, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
Por medio de una solicitud para que expidamos un auto de certiorari comparece ante este Tribunal la co-demandada Sujei Arce Carrasquillo (en adelante “Arce”) y, además, los co-demandados Jaime Calderón Carrasquillo, Marcelina Matos Correa y la Sociedad Legal de Gananciales compuesta por ambos (en adelante “los Calderón-Matos” o “el matrimonio”) Estos nos solicitan la revocación de una resolución emitida por Tribunal de Primera Instancia, Sala Superior de Carolina, el día 16 de abril de 1999, y notificada a las partes en 21 de abril de 1999. En dicha Resolución el Tribunal de Primera Instancia declaró un No Ha Lugar a una moción de desestimación presentada por Arce y otra interpuesta por los Calderón-Matos.
Junto a la solicitud de certiorari que ante nos se insta, los co-demandados Arce y el matrimonio Calderón-Carrasquillo han presentado ante esta Curia una “Moción En Auxilio de Jurisdicción”, interesando la paralización de los procedimientos pendientes ante el tribunal recurrido, bajo el fundamento de que el término para contestar la demanda les vencía el mismo día en que se presentó el certiorari.
Denegamos tanto la moción en auxilio de jurisdicción, como la expedición del auto de certiorari, solicitado por Arce y los Calderón-Matos en el presente caso.
I
El día 31 de marzo de 1998, los co-demandantes Carlos CALCAÑO CIRINO, Luciano CALCAÑO CIRINO y Amador Lanzo CALCAÑO (“los CALCAÑO”) presentaron una demanda sobre interdicto posesorio y daños y perjuicios en el Tribunal de Primera Instancia, Sala Superior de Carolina. (Apéndice del certiorari, págs. 1 -11). Del epígrafe de la referida demanda, se desprende que la misma fue incoada contra Carmen Quiñones Manso, Aida L. Tapia Melecio, Alexander Rodríguez Ríos, Giovanny Pinet Arce, Eddie Parrilla Fuentes, Melba Rivera Ayala y “fulano de tal del 1 al 200”. (Ibid.), pág. 1). En cuanto a los demandados denominados “fulano de tal del 1 al 200”, en el cuerpo de la demanda se alegó que se trataba de personas *1047 naturales o jurídicas cuyos nombres se desconocían en el momento de la presentación de la demanda. (Ibid.). La demanda fue debidamente juramentada ante notario por cada uno de los demandantes Calcaño. (Apéndice del certiorari, págs. 4-9).
Por su parte, a través de un escrito fechado en 6 de de 1998, los seis demandados cuyos nombres fueron incluidos de forma expresa en el epígrafe de la demanda presentaron su contestación a la misma. En su comparecencia, éstos negaron la alegaciones esenciales de la acción presentada en su contra y levantaron varias defensas afirmativas. (Apéndice del certiorari, págs. 12 - 14).
Luego de los incidentes procesales de rigor, el día 5 de junio de 1998, el Tribunal de Primera Instancia emitió una Resolución en la que declaró con lugar la acción interdictal presentada por los Calcaño contra todos los demandados contenidos en el epígrafe, incluso contra aquellos denominados “fulano de tal del 1 al 200”. (Apéndice del certiorari, págs. 15-20). En dicha resolución se ordenó a todos los co-demandados el desalojo del predio de terreno objeto del litigio. (Ibid.), De la resolución a que nos hemos referido se recurrió ante este Tribunal de Circuito de Apelaciones mediante una solicitud de certiorari en el caso núm. KLCE9800742. En 13 de julio de 1998 este Tribunal emitió una Resolución en la que denegó la solicitud de certiorari de los seis demandados específicamente designados por sus nombres en el epígrafe de la demanda. (Apéndice del certiorari págs. 21 - 24).
El día 13 de agosto de 1998 los Calcaño presentaron ante el foro de instancia una moción sobre ejecución de sentencia. Ante dicha moción el tribunal recurrido ordenó el desalojo detoda persona y la eliminación de toda estructura radicada en el predio de terreno en cuestión, que fuera parte de la invasión declarada ilegal por dicho foro. (Apéndice del certiorari, págs. 48 y 49). Inconformes con tal orden, nuevamenue recurrieron ante este Tribunal los seis co-demandados cuyos nombres se incluyeron en el epígrafe de la demanda junto a Rafael Feneli, otro alegado residente de la finca que no había sido parte del pleito en el Tribunal de Primera Instancia. (Apéndice del certiorari, pág. 49). En su recurso éstos solicitaron que se dejara sin efecto la orden de desalojo dictada por el Tribunal de Instancia por estar dirigida, no sólo contra aquellas personas debidamente emplazadas, sino también contra otras personas alegadamente residentes en el lugar, sobre los cuales el Tribunal a quo no había adquirido jurisdicción. (Ibid.).
Estando la referida solicitud de certiorari pendiente de ser resuelta por este Tribunal, en 21 de enero de 1999, -los Calcaño presentaron ante el Tribunal de Primera Instancia una solicitud de prórroga para emplazar y una demanda enmendada en la cual se incluyeron como co-demandados a un total de 28 personas adicionales, entre cuyos nombres se encontraban los de los hoy recurrentes Arce y el matrimonio Calderón-Matos. (Apéndice del certiorari, págs. 25 - 31). El día 8 de febrero de 1999, el Tribunal de Primera Instancia emitió una resolución en la cual aceptó la demanda enmendada presentada por los Calcaño y les concedió a éstos una prórroga adicional de 90 días para diligenciar los emplazamientos correspondientes. (Apéndice del certiorari, pág. 32).
Luego, en 23 de febrero de 1999 y en 8 de marzo de 1999, los Calderón-Matos y Arce, respectivamente, presentaron ante el Tribunal de Primera Instancia sendas mociones de desestimación contra las acciones judiciales incoadas en su contra. (Apéndice del certiorari, páginas 36 - 41). Frente a dichas mociones de desestimación, interpusieron oposición los Calcaño, mediante un escrito presentado en 6 de abril de 1999. (Apéndice del certiorari, págs. 42 - 45).
Por su parte, el día 24 de febrero de 1999, este Tribunal emitió una sentencia en tomo a la orden de desalojo previamente einitida por el Tribunal de Instancia. (Apéndice certiorari, págs. 46-57). En dicha sentencia, la cual fue notificada a las partes en 12 de abril de 1999, este Tribunal resolvió, entre otras cosas, *1048 que la orden de desalojo emitida por el Tribunal de Instancia solamente era válida contra aquellas personas sobre las cuales dicho tribunal adquirió jurisdicción in personam, esto es, contra aquellas personas debidamente emplazadas, y cuyos nombres fueron incluidos en el epígrafe de la demanda en calidad de co-demandadas y no contra el entonces recurrente Feneli, ni contra ninguna otra persona sobre la cual no se hubiese adquirido jurisdicción. (Ibid.).
Con estos antecedentes, el día 16 de abril de 1999, el Tribunal de Primera Instancia emitió una resolución en la que declaró “No Ha Lugar” a las mociones de desestimación presentadas por Arce y los Calderón-Matos. Inconformes con el referido dictamen, recurren ante este Tribunal Arce y el Matrimonio Calderón-Matos y nos solicitan que expidamos un auto de certiorari para revocar la determinación del Tribunal delnstancia que declaró No Ha Lugar sus respectivas mociones de desestimación y, además, que paralicemos los procedimientos ante el foro de primera instancia en lo que atendemos el recurso instado.
II
En su alegato, Arce y los Calderón-Matos alegan que el Tribunal de Instancia erró al declarar No Ha Lugar sus respectivas mociones de desestimación bajo dos argumentos esenciales:
Primero, que no es posible traerlos en esta etapa de los procedimientos, cuando ya se ha adjudicado el aspecto referente a la posesión, debido a que no tendrían la oportunidad de defenderse en cuanto a dicho extremo y, Segundo, que la demanda enmendada en la que se les incluyó como co-demandados no fue juramentada, lo que alegadamente constituye un incumplimiento con los requisitos legales aplicables. En primer lugar, no es correcto el argumento de que en esta etapa de los procedimientos no es posible para el Tribunal de Primera Instancia adquirir jurisdicción sobre ninguna otra persona aparte de los seis co-demandados originales por motivo de haberse adjudicado ya la controversia con respecto al extremo a la posesión. Si bien es cierto que ya se adjudicó la procedencia del interdicto posesorio instado por los Calcaño contra los demandados originales, nada impide que el Tribunal de Primera Instancia celebre una nueva vista evidenciaría y pase juicio sobre la procedencia del interdicto posesorio en cuanto a los nuevos co-demandados, ofreciendo a éstos la oportunidad de presentar, en cuanto al aspecto de la posesión, lo único que dicho recurso se litiga, aquellas alegaciones y defensas que estimen pertinentes, en cumplimiento de las garantías del debido proceso de ley. De esta forma se salvaguardan los derechos de Arce y los Calderón-Matos a defenderse, a ser oídos, a presentar prueba a su favor y a contrainterrogar a los testigos adversos, al tiempo que se provee para la resolución justa, rápida y económica del caso, principio contenido en la Regla 1 de las de Procedimiento Civil vigentes, 32 L.P.R.A. Ap. III, R.1.
El segundo argumento, tímidamente esgrimido ante nos, sin discutirlo, es que la solicitud del interdicto para retener o recobrar la posesión de bienes inmuebles, conforme el Art. 691 del Código de Enjuiciamiento Civil, 32 L.P.R.A. 3562, debe ser jurada. Establece el Art. 691 en lo pertinente:

“La demanda será redactada y jurada de acuerdo con las disposiciones del Código de Enjuiciamiento Civil, y hará constar:

Los recurrentes plantean que la demanda enmendada en la que se incluyó en forma expresa a Arce y a los Calderón-Matos no cumple con los requisitos establecidos por ley para poder ser considerada por el tribunal debido a que la misma no fue juramentada. Sin embargo, tal planteamiento de error languidece ante la realidad de que la demanda original fue debidamente juramentada ante Notario Público por los Calcaño y que la acción incluyó a los recurrentes Arce y Calderón-Matos mediante la utilización de un nombre ficticio por *1049 desconocerse a ese momento sus verdaderos nombres. La demanda enmendada, sometida ante el Tribunal de Instancia, y aceptada por éste, no constituye una acción independiente en contra de Arce y los Calderón-Matos, sino una enmienda con el propósito sustituir el nombre ficticio con el que se les denominó originalmente por sus verdaderos nombres. Así lo exige nuestro ordenamiento procesal, y con ello se cumplió, por lo que en cuanto a estos nuevos designados por su nombre en la demanda, bastaba que se hubiese imprimido el juramento de la demanda original.
Finalmente, es norma claramente establecida por el Tribunal Supremo, “que la sola alegación de un error, que luego no se fundamenta o discute, no debe ser motivo para revisar, modificar o de alguna manera cambiar una decisión de un tribunal de instancia”. Quiñones López, et al v. Manzano Pozas, et al, _ D.P.R. _ (1996), 96 J.T.S. 95; J.R.T. v. Hato Rey Psychiatric Hospital, 119 D.P.R. 62 (1987); Santos Green v. Cruz, 100 D.P.R. 9 (1971); Pueblo v. Matos Pretto, 93 D.P.R. 113 (1966); Pueblo v. Febres, 787 D.P.R. 893 (1956).
RESOLUCION
Por los fundamentos antes expuestos se deniega la expedición del auto solicitado. El Tribunal de Primera Instancia deberá celebrar una vista evidenciaría exclusivamente en tomo a la procedencia del interdicto posesorio contra Arce y los Calderón-Matos, en la cual se te permita a éstos presentar las defensas que estimen pertinentes y se cumpla con los demás imperativos del derecho constitucional a un debido proceso de ley.
Notifíquese por la vía ordinaria y adelántese por vía de fax o teléfono.
Lo acordó y ordena el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIO 2000 DTA 68
1. Como vimos, los únicos demandados designados en la demanda por sus nombres fueron Carmen Quiñones Manso, Aida L. Tapia Melecio, Alexander Rodríguez Ríos, Giovanny Pinet Arce, Eddie Parrilla Fuentes y Melva Rivera Ayala.