ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| CHRISTOPHER ORTIZ CRUZ<br><br>Apelante<br><br>V.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Apelado | KLAN202400422 | *APELACIÓN* procedente del Tribunal de Primera Instancia Sala de Arecibo<br><br>Caso Núm. AR2024CV00556<br><br>Sobre:<br><br>Mandamus |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro

**Ronda Del Toro, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 24 de mayo de 2024.

Comparece, por derecho propio y en forma *pauperis,* el señor Christopher Ortiz Cruz (Sr. Ortiz Cruz o peticionario), quien solicita que revisemos la Sentencia emitida por el Tribunal de Primera Instancia, Sala de Arecibo, (TPI) el 3 de abril de 2024*.* Mediante referida sentencia el foro primario desestimó la Petición de *mandamus* incoada por el peticionario, por falta de jurisdicción bajo la doctrina de agotamiento de remedios.

Por las razones que exponemos, confirmamos la Sentencia apelada.

### I.

El peticionario presentó un recurso en este Tribunal de Apelaciones titulado *Moción en Solicitud,* con la copia de la sentencia que emitió el foro primario.

Surge del recurso que el señor Ortiz Cruz se encuentra confinado en la institución en Sabana Hoyos, Arecibo, cumpliendo

Número Identificador

SEN2024 _____

una sentencia. Adujo que en el mes de marzo de 2024 presentó un Recurso de Mandamus ante el Tribunal de Primera Instancia y que el 3 de abril el foro primario desestimó la acción por falta de jurisdicción. Como el peticionario solo incluyó la sentencia que emitió el TPI y nos solicitó que obtuviésemos copia de los demás documentos en el foro primario, examinamos el expediente electrónico en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

Revisamos que, en efecto, el 28 de febrero de 2024, presentado en el TPI en marzo de 2024, el señor Ortiz Cruz presentó una petición de *Mandamus* ante el Tribunal de Primera Instancia, Sala de Arecibo. En esta, alegó, en síntesis, que el 4 de diciembre de 2023 fue trasladado a la institución 728 de Sabana Hoyos, que solicitó los servicios de biblioteca y estos le fueron denegados. Indico que ese servicio es un derecho constitucional y civil. Ante ello, indicó que interpuso ante la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación, la Solicitud de Remedio Administrativo número CPSH 52-23. En esa acción reclamó su derecho al uso de biblioteca en la institución correccional de Sabana Hoyos. Mencionó que el **3 de enero de 2024** la División de Remedios le notificó que el servicio fue brindado el 20 de diciembre de 2023. Adujo que por no estar conforme, el **13 de enero de 2024** solicitó reconsideración y que no recibió respuesta en el término de quince (15) días, por lo que podía recurrir en revisión judicial ante el Tribunal de Apelaciones. . Indicó también en el recurso que la correspondencia no estaba siendo procesada, por lo que, realizó presentó los remedios

administrativos CPSH-3-24 y CPSH-26-24 el 18 de febrero de 2024.[1]

Tras ello, según indicamos, presentó el recurso de *Mandamus* ante el foro primario de manera que se le brinden los servicios conforme a derecho.

El 26 de marzo de 2024 el tribunal de primera instancia aceptó la comparecencia del señor Ortiz Cruz en forma *pauperis*.[2] El 3 de abril de 2024 dictó sentencia en la cual desestimó la Petición de Mandamus por falta de jurisdicción contra todas las partes. El foro primario expresó, que "[e]n esencia el demandante reclamó que debemos arrestar el proceso administrativo por incumplimiento en cierto proceso de querella del cual no tenían un récord completo."[3] Más adelante, el foro primario aludió a la doctrina de agotamiento de remedios administrativo y determinó lo siguiente:

> En el presente caso el tribunal no aprecia razón o motivo de peso para arrestar por vía de excepción la doctrina de deferencia a la agencia administrativa de agotar remedio administrativo. Todo lo contrario, aprecia que el mismo no se ha evidenciado, no tenemos el beneficio de una determinación final para atender la falta de un razonamiento apropiado y por ende carecemos de jurisdicción o justificación para intervenir según presentados los hechos y alegaciones en la demanda.

Entretanto, mediante *Moción Informativa* del 6 de abril de 2024, presentada en el TPI el 30 de abril de 2024[4], el señor Ortiz Cruz mencionó otros actos relacionados al servicio de biblioteca, mal manejo de correspondencia y maltrato. Tras ello solicitó que se declare *Con Lugar* el *mandamus* y que se corrobore otra denuncia sometida el 15 de marzo de 2024.

---

[1] SUMAC, entrada 1.
[2] SUMAC, entrada 4.
[3] Sentencia
[4] SUMAC, entrada 6.

Por no estar de acuerdo con la Sentencia del TPI, el 15 de abril de 2024, recibido en este tribunal de apelaciones el 30 de abril, el señor Ortiz Cruz presentó un recurso con el título de *Moción en Solicitud*.

Al día siguiente, el 1ro de mayo de 2024 el foro primario resolvió la *Moción Informativa*, la cual atendió como una reconsideración, y la declaró *No Ha Lugar*.[5]    Este último trámite acaecido luego de presentado este recurso, tornaría en prematura la causa que atendemos.

No obstante, evaluamos el recurso, en virtud de la Regla 7 (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R.7, la cual nos permite prescindir de escritos y términos no jurisdiccionales con el propósito de disponer el recurso de manera eficiente.

**II.**

**A.**

Es norma reiterada que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo cual los asuntos relacionados con ésta son privilegiados y deben atenderse con prioridad. Torres Alvarado v. Madera Atiles, 202 DPR 495 (2019); Ruiz Camilo v. Trafon Group, Inc., 200 DPR 254 (2018). Al cuestionarse la jurisdicción de un tribunal por alguna de las partes o, incluso, cuando no haya sido planteado por éstas, dicho foro examinará y evaluará con rigurosidad el asunto jurisdiccional como parte de su deber ministerial, pues éste incide directamente sobre el poder mismo para adjudicar una controversia. Torres Alvarado v. Madera Atiles, *supra*; Ruiz Camilo v. Trafon Group, Inc., *supra*; Yumac Home v. Empresas Massó, 194 DPR 96, 103 (2015). De ese modo, si el tribunal no tiene jurisdicción, solo resta

---

[5] SUMAC, entrada 7.

declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. Torres Alvarado v. Madera Atiles, *supra*; Ruiz Camilo v. Trafon Group, Inc., *supra*.

**B.**

En nuestro ordenamiento jurídico existen unas normas de autolimitación judicial, entre las cuales se encuentran las doctrinas de jurisdicción primaria y la de agotamiento de remedios administrativos. Colón Rivera et al. v. ELA,189 DPR 1033 (2013). La doctrina de agotamiento de remedios administrativos en esencia, determina la etapa en que un tribunal de justicia debe intervenir en una controversia que se ha presentado inicialmente ante un foro administrativo. S.L.G. Flores-Jiménez v. Colberg, 173 DPR 843 (2008); Asoc. Pesc. Pta. Figueras v. Pto. Del Rey, 155 DPR 906, 916-17 (2001); Mun. de Caguas v. AT&T, 154 DPR 401, 407 (2001). La parte que desea obtener un remedio en una agencia debe utilizar todos los medios administrativos disponibles antes de acudir a un tribunal. AAA v. UIA, 200 DPR 903 (2018); Guzmán y otros v. E.L.A., 156 DPR 693, 711 (2002); Municipio de Caguas v. AT&T, *supra*; Colón Ventura v. Méndez, 130 DPR 433, 443 (1992).

Los contornos de esta norma han sido elaborados por medio de jurisprudencia y la misma ha sido adoptada por la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico. En especial la Sección 4.2 dispone el término para Radicar la Revisión, a saber:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión judicial ante el **Tribunal de Apelaciones**, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15

de esta Ley cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.
[...]

La revisión judicial aquí dispuesta será el recurso **exclusivo** para revisar los méritos de una decisión administrativa, sea esta de naturaleza adjudicativa o de naturaleza informal emitida al amparo de esta Ley. (Énfasis nuestro)

3 LPRA sec. 9672

## C.

De otro lado, el auto de *mandamus* es un recurso extraordinario altamente privilegiado y discrecional, cuyo propósito es compeler a cualquier persona, corporación, junta o tribunal inferior, a ejecutar un acto ordenado por ley en calidad de un deber resultante de un empleo, cargo o función pública, en situaciones en que dicho deber no admite discreción en su ejercicio, por lo que ello es de carácter ministerial, es decir, mandatario e imperativo. Ver Artículo 649 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3421; Regla 54 de las de Procedimiento Civil, 32 LPRA Ap. V R. 54; Aponte Rosario v. CEE, 205 DPR 400 (2020); AMPR v. Srio. Educación, ELA, 178 DPR 253 (2010).

Debido a su naturaleza extraordinaria, el *mandamus* está disponible únicamente cuando el peticionario carece de "un recurso adecuado y eficaz en el curso ordinario de la ley". Art. 651 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3423; Kilómetro 0 v. Pesquera López et al, 207 DPR 200, 214 (2021). Por consiguiente, la expedición del recurso "[n]o procede cuando hay un remedio ordinario dentro del curso de ley, porque el objeto del auto no es reemplazar remedios legales sino suplir la falta de ellos". AMPR v. Srio. Educación, E.L.A*., supra*, pág. 267.

A tenor con la antes mencionada normativa, disponemos.

**III.**

El señor Ortiz Cruz presentó un recurso intitulado *Moción en Solicitud* para que revisemos el recurso de *Mandamus* que presentó ante el Tribunal de Primera Instancia en Arecibo.

En el recurso, el señor Ortiz Cruz no planteó algún señalamiento de error. En general, nos solicita que acojamos el recurso de *mandamus* que presentó en el foro primario. Veamos.

De entrada, la Regla 16 (C) del Reglamento del Tribunal de Apelaciones, claramente establece que un recurso de apelación debe incluir un señalamiento breve y conciso del error o errores alegados **y una discusión de estos**. 4 LPRA Ap. XXII-B. La exigencia de que el escrito de apelación contenga un señalamiento de error y la discusión de este no es un mero preciosismo inconsecuente. Es en la discusión del error donde se enmarca la actuación alegadamente errónea del foro primario cuya revocación se ha solicitado, a la luz de los hechos y del derecho aplicable. Morán v. Marti, 165 DPR 356, 369 (2005).

Así que era esencial que el señor Ortiz Cruz mencionara algún error del TPI y lo discutiera pues sabido es que, un error que no se fundamenta o discute, no debe ser motivo para revisar, modificar o de alguna manera cambiar una decisión revisada. Quiñones López v. Manzano Pozas, 141 DPR 139, 165 (1996); JRT v. Hato Rey Psychiatric Hosp., 119 DPR 62 (1987). Concluimos, pues que el recurso ante nuestra consideración no fue debidamente perfeccionado, lo cual obstruye nuestra función revisora.

Aun así, luego revisar el expediente, determinamos no intervenir con la sentencia aquí cuestionada.

El señor Ortiz Cruz le solicitó al foro primario, vía recurso de *mandamus*, que investigara una solicitud remedio administrativo

presentada ante el Departamento de Corrección y Rehabilitación. El tribunal de instancia desestimó el recurso, por la doctrina de agotamiento de remedio administrativo, pues el señor Ortiz Cruz reclamó que se intervenga en el proceso administrativo, al cual tampoco acompañó los documentos relacionados al remedio número CPSH 52-23.

La determinación del foro de instancia es adecuada y no amerita nuestra intervención. Corroboramos que el señor Ortiz Cruz acudió al foro primario en recurso de *mandamus* por estar en desacuerdo con la decisión que emitió la División de Remedios Administrativos del Departamento de Corrección. Sin embargo, el trámite adecuado en Ley, según el propio señor Ortiz Cruz lo reconoce, era acudir a este foro apelativo intermedio en el término de treinta (30) días, una vez agotara los esfuerzos administrativos. Ello no ocurrió, por lo que el foro primario no tenía jurisdicción para intervenir con el trámite administrativo inconcluso.

En lugar de culminar referido trámite, el señor Ortiz Colón acudió al foro primario por la vía del *mandamus*. Sabido es que el recurso de *mandamus* es de naturaleza extraordinaria, disponible únicamente cuando el peticionario carece de "un recurso adecuado y eficaz en el curso ordinario de la ley".[6] Aquí el señor Ortiz Colón contaba con un recurso adecuado, a través de la División de Remedios Administrativos, para hacer valer su reclamación contra el Departamento de Corrección.[7] Ello torna en improcedente el recurso de *mandamus*.

De otro lado, el señor Ortiz Cruz nos solicita que investiguemos al Departamento de Corrección y Rehabilitación,

---

[6] Art. 651 del Código de Enjuiciamiento Civil, *supra*.
[7] Véase AMPR v. Srio. Educación, E.L.A., *supra.*

sobre daños en violación a derechos civiles. Este petitorio tampoco procede pues somos un foro judicial con funciones adjudicativas, no investigativas.

**IV.**

Por los fundamentos antes expresados, confirmamos la Sentencia que emitió el Tribunal de Primera Instancia, mediante la cual desestimó por falta de jurisdicción el recurso de *Mandamus*.

Instruimos al Secretario del Departamento de Corrección y Rehabilitación a entregar copia de esta resolución al peticionario, en la institución donde este se encuentre.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones