HOSPITAL DEL MAESTRO, recurrente, *v.* UNIÓN DE TRABAJADORES DE LA SALUD (OSVALDO CARABALLO MALDONADO), recurrida.

*Número:* CC-99-19          *Resuelto:* 29 de agosto de 2000

*Ángel L. Morales Rodríguez*, de *Cancio, Nadal, Rivera, Díaz & Berríos*, abogado de la parte peticionaria; *Ángel Raúl Pérez Muñiz*, abogado de la parte recurrida.

EL JUEZ ASOCIADO SEÑOR HERNÁNDEZ DENTON emitió la opinión del Tribunal.

Debemos resolver si la parte que presenta un recurso de *certiorari* ante el Tribunal de Circuito de Apelaciones para revisar una sentencia emitida por el Tribunal de Primera Instancia en el ejercicio de su jurisdicción apelativa sobre los laudos arbitrales, debe enviar copia del recurso al Negociado de Conciliación y Arbitraje, foro que emitió el laudo impugnado. Al resolver que no existe disposición reglamentaria o estatutaria de donde se derive esa obligación, revocamos la resolución recurrida del foro apelativo.

I

En octubre de 1996, Osvaldo Caraballo Maldonado fue despedido de su empleo como enfermero práctico y escolta en el Hospital del Maestro (en adelante el Hospital). Luego de ello, presentó una querella ante el Negociado de Conciliación y Arbitraje del Departamento del Trabajo y Recursos Humanos.(¹) Realizadas las vistas correspondientes, di-

---

(¹) Es la contención de la representación legal del Hospital del Maestro (en adelante el Hospital) que Maldonado Caraballo instó esta querella sin seguir el pro-

cho foro resolvió que el despido de Caraballo Maldonado fue injustificado, por lo que ordenó su reposición inmediata y el pago del sueldo dejado de percibir desde la fecha en que fue despedido hasta su reposición final.

No conforme con esta determinación, el Hospital acudió ante el Tribunal de Primera Instancia en donde impugnó el laudo. Art. 5.003(a)(4) del Plan de Reorganización de la Rama Judicial Núm. 1 de 1994, Ley de la Judicatura de Puerto Rico de 1994, según enmendada, 4 L.P.R.A. sec. 22o(a)(4) (en adelante la Ley de la Judicatura). Al presentar su recurso, el Hospital notificó mediante copia de éste al Negociado de Conciliación y Arbitraje. Luego de los trámites de rigor, el Tribunal de Primera Instancia confirmó la decisión recurrida. Eventualmente, el Hospital acudió ante el Tribunal de Circuito de Apelaciones. En esta ocasión, el Hospital no notificó copia del recurso al Negociado de Conciliación y Arbitraje ni al árbitro que emitió el laudo impugnado.

Examinado el recurso, así como la oposición presentada por Caraballo Maldonado, el foro apelativo ordenó al Hospital que mostrara causa por la cual su recurso no debía ser desestimado por falta de jurisdicción, ya que no había sido notificado al Negociado de Conciliación y Arbitraje ni a la Unión de Trabajadores de la Salud.

El Hospital compareció oportunamente. Alegó que envió una copia certificada del recurso a la representación legal de la Unión Legal de Trabajadores de la Salud el mismo día en que presentó el recurso en el Tribunal de Circuito de Apelaciones. Por su parte, en cuanto al Negociado de Conciliación y Arbitraje, destacó que no existía disposición reglamentaria alguna de donde surgiera su obligación de notificar el recurso a dicho foro. Señaló que el Negociado de Conciliación y Arbitraje no es una parte en el procedimiento de arbitraje ni es una agencia dentro de los pará-

---

cedimiento establecido en el Convenio Colectivo firmado entre la unión laboral a la cual pertenecía y el Hospital peticionario.

metros de la Ley de Procedimiento Administrativo Uniforme del Estado libre Asociado de Puerto Rico, Ley Núm. 170 de 12 de agosto de 1988, según enmendada, 3 L.P.R.A. sec. 2101 *et seq.* (en adelante L.P.A.U.). A la luz de lo anterior, sostuvo que el foro apelativo tenía jurisdicción para considerar los méritos del recurso.

Luego de evaluar los señalamientos del Hospital, el Tribunal de Circuito de Apelaciones desestimó el recurso por falta de jurisdicción. Razonó que el Negociado de Conciliación y Arbitraje debió ser notificado con copia del recurso de *certiorari* dentro del término de treinta (30) días que tenía para presentarlo. Una solicitud de reconsideración presentada oportunamente fue declarada no ha lugar.

Inconforme, el Hospital acudió ante este Foro. Plantea como único señalamiento de error que incidió el Tribunal de Circuito de Apelaciones al resolver que carecía de jurisdicción por razón de que no notificó el recurso que presentó ante dicho foro apelativo al Negociado de Conciliación y Arbitraje y al árbitro que emitió el laudo recurrido.

Evaluados sus señalamientos, accedimos a revisar.

## II

■ A. A mediados del siglo XX expresamos nuestra preocupación en torno a la ausencia de legislación que regulara de forma específica las distintas etapas procesales en los procedimientos de arbitraje en Puerto Rico. Véase *Junta de Relaciones del Trabajo v. N.Y. & P.R. S/S Co.*, 69 D.P.R. 782, 810 (1949). En esa ocasión, incluso, destacamos la importancia de que la Asamblea Legislativa tomara pasos concretos para llenar ese vacío.

Ante la ausencia de disposiciones estatutarias específicas que regulen los procesos de arbitraje, en las pasadas décadas nos hemos visto obligados a resolver una diversidad de conflictos obrero-patronales originados en los procesos arbitrales. Véanse: *Junta de Relaciones del Trabajo*

*v. N.Y. & P.R. S/S Co.*, supra; *J.R.T. v. Otis Elevator Co.*, 105 D.P.R. 195 (1976); *U.I.L. de Ponce v. Dest. Serrallés, Inc.*, 116 D.P.R. 348 (1985); *U.G.T. v. Challenger Caribbean Corp.*, 126 D.P.R. 22 (1990). De este modo, jurisprudencialmente hemos ido estableciendo normas procesales que permitan superar las dificultades originadas en la tramitación de este tipo de casos.

El caso de autos plantea una nueva controversia que requiere resolver una situación procesal no atendida de forma específica por los esquemas reglamentarios y estatutarios aplicables. Debemos resolver si una parte que acude al Tribunal de Circuito de Apelaciones para revisar una sentencia emitida por el tribunal de instancia que, a su vez, denegó la impugnación del laudo de arbitraje emitido por el Negociado de Conciliación y Arbitraje, debe notificar el recurso a la entidad que emitió la decisión en la jurisdicción original; entiéndase, al Negociado de Conciliación y Arbitraje.

■ Al resolver esta interrogante en la afirmativa, el Tribunal de Circuito de Apelaciones aplicó las disposiciones procesales de su Reglamento reservadas a los recursos de revisiones administrativas. Ello, a pesar de que reconoció que la L.P.A.U. excluye al Negociado de Conciliación y Arbitraje de la definición de "agencia". Al decidir, aplicó la Regla 58 de su reglamento, 4 L.P.R.A. Ap. XXII–A, que requiere, entre otras cosas, que la parte promovente de un *recurso de revisión administrativa* notifique el *escrito inicial de revisión*, entre otras, "a la agencia o al funcionario administrativo de cuyo dictamen se recurre". Regla 58(B) del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII–A.

■ No hay duda de que en el pasado hemos adoptado jurisprudencialmente normas para la impugnación de un laudo de arbitraje similares a las aplicables a las revisiones de dictámenes administrativos. *U.I.L. de Ponce v. Dest. Serrallés Inc.*, supra. Ello, sin embargo, no significa que el

Negociado de Conciliación y Arbitraje será tratado como una agencia administrativa para todos los fines prácticos. *Corp. Créd. Des. Com. Agrícola v. U.G.T.*, 138 D.P.R. 490 (1995). Tal proceder sería contrário al claro tenor de la L.P.A.U. La adopción de normas reservadas a los recursos administrativos en los procesos de impugnación de laudos arbitrales debe partir del hecho de que ese proceder resulta el más razonable y armonioso con la naturaleza de los procedimientos contenciosos obrero-patronales seguidos ante el Negociado de Conciliación y Arbitraje y con el esquema apelativo que establece la Ley de la Judicatura.

■ La exigencia de notificar a las agencias administrativas mediante copia del recurso de revisión inicial presentado en el foro apelativo que establece el Reglamento del Tribunal de Circuito de Apelaciones, responde al mandato estatutario de la L.P.A.U. que dispone en su sección 4.2, según enmendada, que la parte promovente de un recurso de revisión administrativa "notificará la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar dicha revisión". 3 L.P.R.A. sec. 2172. La exclusión del Negociado de Conciliación y Arbitraje de la definición del término "agencia" de la L.P.A.U. tiene el efecto de que la obligación estatutaria establecida en dicha ley le resulta inaplicable.(2) Ello, por si sólo, no significa que lo dispuesto en la Regla 58 del Reglamento del Tribunal de Circuito de Apelaciones, *supra*, por

---

(2) La Sec. 1.3(7) de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico (en adelante la L.P.A.U.), 3 L.P.R.A. sec. 2102(a), dispone, en lo pertinente:

"(a) *Agencia*. — Significa cualquier junta, cuerpo, tribunal examinador, corporación pública, comisión, oficina independiente, división, administración, negociado, departamento, autoridad, funcionario, persona, entidad o cualquier instrumentalidad del Estado Libre Asociado de Puerto Rico u organismo administrativo autorizado por ley a llevar a cabo funciones de reglamentar, investigar, o que pueda emitir una decisión, o con facultades para expedir licencias, certificados, permisos, concesiones, acreditaciones, privilegios, franquicias, acusar o adjudicar, excepto:

.    .    .    .    .    .    .

"(7) El Negociado de Conciliación y Arbitraje del Departamento del Trabajo y Recursos Humanos."

partir de lo establecido en la L.P.A.U., tampoco le sería aplicable como cuestión de derecho. Sin embargo, la intención expresa de la Legislatura al excluir al Negociado de Conciliación y Arbitraje de los procedimientos dispuestos en la L.P.A.U., lo que incluye lo relativo al requisito de notificación a las agencias de los recursos de revisión, es un elemento adicional que contribuye a aclarar el correcto alcance que se le debe brindar a lo dispuesto en la Regla 58 del Reglamento, *supra*, del foro apelativo en la consideración del caso de autos.

█ Ahora bien, de mayor relevancia al caso de autos es que la decisión del Tribunal de Circuito de Apelaciones pasa por alto el hecho de que el recurso presentado allí por el Hospital no pretende que se revise una decisión, orden o resolución emitida por un foro administrativo. Pretende que se revise una *sentencia final emitida por el Tribunal de Primera Instancia.* La jurisdicción de dicho foro, por lo tanto, no se deriva del Art. 4.002(g),(³) 4 L.P.R.A. sec. 22k(g), que le confiere competencia para considerar mediante *auto de revisión* los decisiones de las *agencias administrativas*, y que, a su vez, hace aplicable las disposiciones reglamentarias del Tribunal de Circuito de Apelaciones que regulan las revisiones administrativas. Reglas 56–67 del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII–A. No habiendo disposición en la Ley de la Judicatura de donde se derive de forma específica la competencia del Tribunal de Circuito de Apelaciones para revisar sentencias emitidas por el Tribunal de Primera Instancia en el ejercicio de su jurisdicción para considerar

---

(³) Este artículo dispone que el Tribunal de Circuito de Apelaciones tendrá jurisdicción para revisar:

"Mediante auto de revisión, a ser expedido discrecionalmente, de las decisiones, reglamentos, órdenes y resoluciones de cualquier agencia administrativa, de acuerdo con los términos y condiciones establecidos en [la Ley Núm. 170 de 12 de agosto de 1988, según enmendada, conocida] como la "Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico". Art. 4.002(g) de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 1994 (4 L.P.R.A. sec. 22k(g)).

la impugnación de laudos arbitrales, aplica el inciso (i) del Art. 4.002 de la referida ley, 4 L.P.R.A. sec. 22k(i). Este artículo dispone, en lo pertinente, que el Tribunal de Circuito de Apelaciones tendrá competencia para entender:

> Mediante auto de *certiorari*, a ser expedido discrecionalmente, de cualquier sentencia o resolución final del Tribunal de Primera Instancia para la cual no se hubiere establecido procedimiento específico en este capítulo o en alguna ley especial aprobada con posterioridad.

En vista de lo anterior, el mecanismo procesal que tiene disponible una parte que desea cuestionar una sentencia final emitida por el Tribunal de Primera Instancia al revisar un laudo arbitral lo es el recurso de *certiorari*.

Lo anterior, sin embargo, no resuelve la interrogante en torno a si la parte que acude mediante *certiorari* al Tribunal de Circuito de Apelaciones para cuestionar la decisión del Tribunal de Primera Instancia en una impugnación de un laudo arbitral tiene la obligación de notificar el recurso de *certiorari* al Negociado de Conciliación y Arbitraje.

■ B. La Regla 33(B) del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII–A, dispone sobre la notificación del recurso de *certiorari* lo siguiente:

> (B) *Notificación del recurso a la partes.*—La parte peticionaria notificará la solicitud de *certiorari*, debidamente sellada con la fecha y la hora de presentación, a los(as) abogados(as) de récord, o en su defecto, a las partes, así como al(a la) Procurador(a) General y al(a la) Fiscal de Distrito en los casos criminales, dentro del término jurisdiccional o de cumplimiento estricto establecido por ley, según fuere el caso, para presentar el recurso. ...

■ Como puede apreciarse, de la regla transcrita surge, en lo pertinente, la obligación de la parte peticionaria en un recurso de *certiorari* de notificar el recurso a *"los(as) abogados(as) de récord, o en su defecto, a las partes..."*. (Énfasis suplido.) El Negociado de Conciliación y Arbitraje no constituye el representante legal de ninguna

de las partes. Tampoco es propiamente una parte. Constituye "un organismo al cual *las partes* acuden voluntariamente para dilucidar una disputa obrero-patronal". (Énfasis suplido.) *Corp. Créd. Des. Com. Agrícola v. U.G.T.*, supra, pág. 495. Ese carácter cuasi judicial no se altera por el hecho de que el Negociado de Conciliación y Arbitraje está adscrito al Departamento del Trabajo y Recursos Humanos. Ante ello, es forzoso concluir que no se trata de una parte en el sentido tradicional de las reglas procesales.

Por lo anterior, erró el Tribunal de Circuito de Apelaciones al estimar que carecía de jurisdicción por el hecho de que el Hospital del Maestro no notificó su recurso de *certiorari* al Negociado de Conciliación y Arbitraje y al árbitro que emitió el laudo impugnado. Ese requisito no surge de ninguna disposición reglamentaria o estatutaria vigente. Procede, por lo tanto, revocar su decisión al respecto.

Por los fundamentos expuestos, procede revocar la sentencia emitida por el Tribunal de Circuito de Apelaciones, Circuito Regional de San Juan, Panel III, en el caso *Hospital del Maestro v. Unión Nacional de Trabajadores de la Salud (Osvaldo Caraballo Maldonado)*, KLCE98–00805. Se devuelve el caso a dicho foro para la continuación de los procedimientos en conformidad con lo aquí expresado.

*Se emitirá la sentencia correspondiente.*

El Juez Asociado Señor Rivera Pérez concurrió sin opinión escrita.