ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| MARIELYS FIGUEROA RUIZ, PEDRO MATEO SEBASTIAN POR SI Y EN REPRESENTACIÓN DE LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS<br><br>Parte Recurrida<br><br>V.<br><br>JOSEFINA FREYRE URSULICH, GRACE CORDOLIANI FREYRE, TOMAS EDUARDO PAGAN RODRÍGUEZ Y OTROS<br><br>Parte Peticionaria | KLCE202400908 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Ponce<br><br>Caso Núm. PO2024CV00625<br><br>Sala: 601<br><br>Sobre:<br><br>ENRIQUECIMIENTO O INJUSTO, IMPUGNACIÓN DE CONTRATO, INCUMPLIMIENTO DE CONTRATO, DAÑOS |

Panel integrado por su presidenta, la Jueza Grana Martínez, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

**Rivera Pérez, Jueza Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 26 de agosto de 2024.

Comparecen la parte demandada-peticionaria la Sra. Josefina Freyre Ursulich, la Sra. Grace Ramonita Cordoliani Freyre y el Sr. Harold Pagán Freyre mediante *Petición de Certiorari* y nos solicitan la revisión de la *Orden* emitida y notificada el 2 de julio de 2024 por el Tribunal de Primera Instancia, Sala de Ponce ("TPI"), mediante la cual se declaró Ha Lugar la *Moción en Oposición por Incumplimiento con la Regla 34 y Solicitud de Remedios* presentada el 2 de julio de 2024 por la parte demandante-recurrida Sra. Marielys Figueroa Ruíz y el Sr. Pedro Mateo Sebastián. En consecuencia, se le concedió un término de diez (10) días a estas partes para presentar una réplica a las solicitudes de desestimación presentadas por la parte

---

[1] Véase, *Orden Administrativa* OATA-2024-095, mediante la cual se modificó la integración del Panel XII para entender y votar en el presente recurso.

Número Identificador

RES2024_____

demandada-peticionaria, contados a partir de que esta última les notifique su contestación a los interrogatorios que le fueron cursados.

Además, la parte demandada-peticionaria recurre de la *Orden* emitida y notificada el 9 de julio de 2024 por el TPI, mediante la cual se declaró Ha Lugar la *Moción en Solicitud de Termino Adicional para Contestar Descubrimiento de Prueba Cursado Incluyendo Requerimiento de Admisiones* presentada el 8 de julio de 2024 por la parte demandante-recurrida.

Por los fundamentos que exponemos a continuación, se deniega la expedición del recurso de *certiorari* y se declaran No Ha Lugar las mociones en auxilio de jurisdicción.

**I.**

El 6 de marzo de 2024, la Sra. Marielys Figueroa Ruiz y el Sr. Pedro Mateo Sebastián presentaron una *Demanda*[2] sobre daños y perjuicios en contra de la Sra. Josefina Freyre Ursulich, la Sra. Grace Ramonita Cordoliani Freyre, por sí y en representación de la Sociedad de Gananciales compuesta con el Sr. Tomas Eduardo Pagan Rodríguez, el Sr. Harold Pagán Freyre, por sí y en representación de la Sociedad de Gananciales compuesta con la Sra. María Emilia Sáez Plaza, *et als.* En síntesis, los demandantes reclamaron una indemnización por los alegados daños y perjuicios ocasionados por las partes demandadas (vendedores, *realtor* y notario) al haber omitido informar que la propiedad objeto de un contrato de compraventa entre los demandantes y la Sra. Josefina Freyre Ursulich no estaba legalmente segregada.

Luego de varios trámites procesales, el 3 de junio de 2024, la Sra. Josefina Freyre Ursulich, la Sra. Grace Ramonita Cordoliani Freyre y el Sr. Harold Pagán Freyre presentaron una *Moción de*

---

[2] Apéndice de la *Petición de Certiorari*, págs. 1-19.

*Desestimación,*[3] a la cual, posteriormente, se unieron el Sr. Carlos Llópiz[4] y el Sr. Carlos A. Surillo Pumarada.[5] En síntesis, estos solicitaron la desestimación de la demanda bajo la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, alegando falta de jurisdicción por prescripción de la causa de acción y por razón de que la misma no exponía una reclamación que justificara la concesión de un remedio.

El 4 de junio de 2024, el TPI emitió y notificó una *Orden,* concediéndole a la parte demandante-recurrida un término de veinte (20) días para presentar una réplica a las solicitudes de desestimación presentadas.[6]

El 25 de junio de 2024, la Sra. Josefina Freyre Ursulich, la Sra. Grace Ramonita Cordoliani Freyre y el Sr. Harold Pagán Freyre presentaron una *Moción para que se Acoja Moción de Desestimación Presentada por la Parte Demandada ante la Ausencia de Replica.*[7] En atención a esta moción, el 27 de junio de 2024, el TPI emitió y notificó una *Orden* concediéndole un término final de diez (10) días a la parte demandante-recurrida para presentar su réplica.

En lo pertinente al recurso de *certiorari* ante nuestra consideración, el 2 de julio de 2024 se presentaron y emitieron las siguientes mociones y órdenes:

El Sr. Carlos Llópiz presentó una *Solicitud de Prórroga para Contestar Interrogatorio y Requerimiento de Documentos.*[8]

Por otra parte, el TPI emitió y notificó *Orden*[9] concediéndoles a la parte demandante-recurrida veinte (20) días para presentar una

---

[3] Apéndice de la *Petición de Certiorari,* págs. 73-98.
[4] Apéndice de la *Petición de Certiorari,* págs. 109-110.
[5] Apéndice de la *Petición de Certiorari,* págs. 112-148.
[6] Apéndice de la *Petición de Certiorari,* pág. 105.
[7] Apéndice de la *Petición de Certiorari,* págs. 106-107.
[8] Véase, Entrada Núm. 34 del Expediente Digital del Caso Núm. PO2024CV00625 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[9] Apéndice de la *Petición de Certiorari,* pág. 149.

réplica las solicitudes de desestimación presentadas por la parte demandada-peticionaria.

La parte demandante-recurrida presentó una *Moción en Oposición por Incumplimiento con la Regla 34 y Solicitud de Remedios*,[10] en la cual se opuso a la solicitud de prórroga presentada por el Sr. Carlos Llópiz para contestar el interrogatorio y el requerimiento de documentos que le fueron cursados. Además, la parte demandante-recurrida solicitó la concesión de un término de diez (10) días para oponerse a las solicitudes de desestimación presentadas contados a partir de que la parte demandada-peticionaria le notificara sus contestaciones a los interrogatorios que le fueron cursados.

El TPI emitió y notificó una *Orden* declarando Ha Lugar la solicitud de prórroga presentada por el Sr. Carlos Llópiz y, en consecuencia, le concedió un término de treinta (30) días para contestar el descubrimiento de prueba.[11] Además, el TPI emitió y notificó una de las órdenes aquí recurridas, mediante la cual dispuso lo siguiente:

> "Sobre la Oposición a Prórroga de la parte demandada, véase Orden de 2 de julio de 2024.
>
> Ha Lugar a la solicitud de la parte demandante. Se le concede el término solicitado de 10 días para presentar oposición a las solicitudes de desestimación a contarse desde que los demandados notifiquen las contestaciones de los interrogatorios."[12]

El 3 de julio de 2024, el Sr. Carlos A. Surillo Pumarada presentó una *Moción de Prórroga para Contestar Descubrimiento de Prueba*,[13] la cual fue declarada Ha Lugar por el TPI mediante una *Orden*[14] emitida y notificada en esa misma fecha.

---

[10] Apéndice de la *Petición de Certiorari*, págs. 150-152.
[11] Entrada Núm. 37 del Expediente Digital del Caso Núm. PO2024CV00625 en el SUMAC.
[12] Apéndice I de la *Petición de Certiorari*, pág. 153.
[13] Entrada Núm. 39 del Expediente Digital del Caso Núm. PO2024CV00625 en el SUMAC.
[14] Entrada Núm. 40 del Expediente Digital del Caso Núm. PO2024CV00625 en el SUMAC.

El 8 de julio de 2024, la parte demandante-recurrida presentó una *Moción en Solicitud de Término Adicional para Contestar Descubrimiento de Prueba Cursado Incluyendo Requerimiento de Admisiones*,[15] mediante la cual solicitó, entre otros remedios, un término adicional hasta el 28 de agosto de 2024 para contestar el descubrimiento de prueba que le fue cursado.

En atención a esta moción, el 9 de julio de 2024, el TPI emitió y notificó la otra *Orden* de la cual se recurre mediante el presente recurso de *certiorari*. Mediante este dictamen, el TPI dispuso lo siguiente:

> "Ha Lugar a la solicitud. Se concede un término adicional solicitado hasta el 28 de agosto de 2024 para contestar el descubrimiento de prueba.
>
> **Las partes tienen un término de 30 días para cumplir con la Orden del 31 de mayo de 2024 y la Regla 37.1 de Procedimiento Civil.**
>
> Las partes se reunirán e informarán en un **término de 30 días en una moción conjunta, o en el Informe de Manejo de Caso requerido por la Orden del 31 de mayo de 2024 y la Regla 37.1 de Procedimiento Civil,** los acuerdos alcanzados sobre la calendarización del descubrimiento de prueba que falte, incluyendo prueba pericial, deposiciones y la fecha del cierre de descubrimiento de prueba. Las partes tendrán un término de 30 días para la presentación de mociones dispositivas desde la fecha de cierre de descubrimiento de prueba.
>
> Además, las partes informarán sobre la posibilidad de lograr una solución por la vía transaccional.
>
> El Tribunal dictará una Orden de Calendarización del Caso y señalará la Conferencia con Antelación al Juicio/Vista Transaccional."[16] (énfasis en el original).

El 17 de julio de 2024, la Sra. Josefina Freyre Ursulich, la Sra. Grace Ramonita Cordoliani Freyre y el Sr. Harold Pagán Freyre presentaron una *Moción de Reconsideración de Orden [Entrada 38] y [Entrada 42]*,[17] la cual fue declarada No Ha Lugar por el TPI mediante

---

[15] Entrada Núm. 41 del Expediente Digital del Caso Núm. PO2024CV00625 en el SUMAC.
[16] Apéndice de la *Petición de Certiorari*, págs. 154-155.
[17] Apéndice de la *Petición de Certiorari*, págs. 156-162.

la *Resolución* emitida el 18 de julio de 2024 y notificada el 19 de julio de 2024.[18] En dicho dictamen, el TPI dispuso, además, lo siguiente:

> "Parte demandada conteste descubrimiento de prueba para que parte demandante replique a moción de desestimación con documentos/sentencia sumaria. Cúmplase con órdenes del Tribunal so pena de sanciones bajo Regla 34.1 de Procedimiento Civil."

En desacuerdo con la determinación del TPI, la Sra. Josefina Freyre Ursulich, la Sra. Grace Ramonita Cordoliani Freyre y el Sr. Harold Pagán Freyre acudieron ante nos el 19 de agosto de 2024 mediante *Petición de Certiorari*, en la cual señala la comisión de los errores siguientes:

> **PRIMER ERROR:** Cometió Error de derecho el Tribunal de Primera Instancia al ordenar a las partes concluir el descubrimiento de prueba, previo a resolver una Moción de Desestimación, al amparo de la Regla 10.2 de Procedimiento Civil.

> **SEGUNDO ERROR:** Cometió Error de derecho el Tribunal de Primera Instancia al conceder prórroga a la parte demandante para oponerse a una Moción de Desestimación al amparo de la Regla 10.2 hasta 10 días después de que concluya el descubrimiento de prueba que ni siquiera ha sido iniciado en cuanto a la parte peticionaria.

> **TERCER ERROR:** Cometió Error de derecho el Tribunal de Primera Instancia al señalar Conferencia para el Manejo del Caso al amparo de la Regla 37.1 de Procedimiento Civil, a pesar de que la parte demandada compareciente no ha contestado la Demanda, por haber presentado Moción de Desestimación al amparo de la Regla 10.2 de Procedimiento Civil.

En esa misma fecha, estas partes presentaron una *Moción en Auxilio de Jurisdicción*. Posteriormente, el 22 de agosto de 2024, estas presentaron una *Segunda Moción en Auxilio de Jurisdicción-Urgente*.

Examinado el recurso presentado ante nuestra consideración por la parte peticionaria, procedemos a disponer del mismo sin necesidad de ulterior trámite, conforme nos faculta la Regla 7(B)(5)

---

[18] Apéndice de la *Petición de Certiorari*, pág. 163.

del Reglamento del Tribunal de Apelaciones, 4 LPRA, Ap. XXII-B, R. 7(B)(5).

**II.**

**A.**

El recurso de *certiorari* es el vehículo procesal para que el Tribunal de Apelaciones revise la sentencia final dictada por el Tribunal de Primera Instancia al revisar un laudo de arbitraje. Regla 32(D) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.32(D); *Hosp. del Maestro v. U.N.T.S.*, 151 DPR 934 (2000). El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. Artículo 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491; *Rivera et al. V. Arcos Dorados et al.*, 212 DPR 194, 207 (2023). Véase, además, *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005).

En el ámbito judicial, el concepto discreción "no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho". *IG Builders et al. v. BBVAPR*, supra, pág. 338. La discreción, "es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera." *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, supra, a la pág. 174.

En el caso particular del Tribunal de Apelaciones, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita los asuntos interlocutorios que podemos revisar mediante un recurso de *certiorari*, bajo el entendimiento de que estos pueden esperar hasta la conclusión del caso para ser revisados en apelación. *IG Builders et al. v. BBVAPR*, supra, pág. 337. Al respecto, la Regla 52.1 de Procedimiento Civil, *supra*, dispone específicamente que el

recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de Procedimiento Civil, 32 LPRA Ap. V, R. 56 y 57, o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. *Íd.* Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd.*

A su vez, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que el Tribunal de Apelaciones deberá tomar en consideración al determinar si procede la expedición de un recurso de *certiorari* o de una orden de mostrar causa. Estos son:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar

causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia." Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

**B.**

Se ha señalado que los tribunales de primera instancia gozan de amplio margen de discreción para manejar los procedimientos que presiden, por lo que sus decisiones merecen gran deferencia por parte de los tribunales apelativos. *Citibank et al. v. ACBI et al.*, 200 DPR 724, 735 (2018). Esa discreción del foro sentenciador ha sido definida como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró*, supra, pág. 334; *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). Al respecto, el Tribunal Supremo ha expresado lo siguiente:

"La deferencia al juicio y discreción del foro sentenciador está fundamentada en el principio de que los foros apelativos no pueden pretender conducir ni manejar el trámite ordinario de los casos que se ventilan ante el Tribunal de Primera Instancia. Como es harto sabido, dicho foro es el mejor que conoce las particularidades del caso y quien está en mejor posición para tomar las medidas necesarias que permitan cimentar el curso a trazar para llegar eventualmente a una disposición final". *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 306-307 (2012).

En consecuencia, los tribunales apelativos —salvo contadas excepciones— no debemos intervenir con la forma en que los foros primarios manejen sus casos. Véase, *Citibank et al. v. ACBI et al.*, supra, pág. 736. Por eso, se ha señalado que aquellas determinaciones que un tribunal inferior haga en el sano ejercicio de su discreción, "deben ser respetadas por los foros apelativos, a menos, claro está, que se demuestre arbitrariedad, un craso abuso de discreción, una determinación errónea que cause grave perjuicio a una de las partes, o la necesidad de un cambio de política procesal o sustantiva". *Citibank et al. v. ACBI et al.*, supra.

**III.**

Evaluado el recurso de *certiorari* presentado por la parte demandada-peticionaria a la luz de la Regla 52.1 de Procedimiento Civil, *supra*, y los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, concluimos que no procede nuestra intervención en esta etapa de los procedimientos, por lo que determinamos denegar su expedición. Al examinar las órdenes recurridas, no encontramos que los remedios concedidos sean contrarios a derecho. Estas son determinaciones que recaen en la discreción del foro de instancia como parte del manejo del caso ante su consideración. Conforme al derecho esbozado, como norma general, los tribunales de instancia gozan de amplia discreción para pautar y conducir la tramitación de los procedimientos ante su consideración. Por tal razón, los tribunales apelativos no debemos intervenir, salvo que se demostrara que el foro primario incurrió en prejuicio, parcialidad, craso abuso de discreción o error en la aplicación de una norma procesal o de derecho sustantivo y cuando nuestra intervención evite un perjuicio sustancial.

En ausencia de lo anterior, concluimos que no existen fundamentos para intervenir con las órdenes en cuestión, por lo que determinamos que no procede la expedición del recurso de *certiorari* presentado.

**IV.**

Por los fundamentos antes expuestos, se deniega la expedición del auto de *certiorari* y se declaran No Ha Lugar las mociones en auxilio de jurisdicción.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones